# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

JAMAR REED,

        Plaintiff,

   vs.

KENNETH WILLIAMS,

        Defendant.

Case No.: 2:24-cv-000267-GMN-NJK

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Pending before the Court is the Motion for Summary Judgment, (ECF No. 46), filed by Defendant Kenneth Williams. Plaintiff Jamarr Reed filed a Response, (ECF No. 51), and Defendant filed a Reply, (ECF No. 58). Also pending before the Court is Defendant's Motion to Seal, (ECF No. 47). Plaintiff did not respond, and the time to do so has passed.[1] Further pending before the Court is Plaintiffs' Motion for Leave to File Sur-Reply, (ECF No. 60), to which Defendants filed a Response, (ECF No. 62).[2] Finally pending before the Court is the

---

[1] The public has a presumptive right to inspect and copy judicial records and documents. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). Consequently, a party seeking to seal a judicial record under Federal Rule of Civil Procedure 26(c) "bears the burden of overcoming this strong presumption" by showing compelling reasons that support maintaining the secret nature of the documents. *Id.* Defendant seeks to seal an exhibit to his Motion for Summary Judgment that contains Plaintiff's medical records. Because medical privacy qualifies as a "compelling reason" for sealing records, the Court GRANTS Defendant's Motion to Seal.

[2] Plaintiff seeks leave to file a surreply in which he argues that Defendant's Reply includes "false allegations and statements," which he asks the Court to strike. (Mot. Leave File Surreply 2:4–11, ECF No. 60). To the extent Plaintiff's Motion requests striking of false statements in the Reply, the Court DENIES that request. FRCP 12(f) provides that the court may order stricken from any pleading any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f). A matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation. *LeDuc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992). Allegedly false statements made in a Reply to Motion for Summary Judgmnent do not meet that standard; thus, the Court denies the request. The other arguments Plaintiff makes in his Surreply are not new and do not respond to newly raised arguments in Defendant's Reply. Courts in this district routinely interpret Local Rule 7-2 to allow filing of surreplies only to address new matters raised in a reply to which a party would otherwise be unable to respond. The Court therefore DENIES Plaintiff's Motion for Leave to File Surreply.

Report and Recommendation (R&R), (ECF No. 35), issued by Magistrate Judge Nancy J. Koppe, which recommends that the Court deny Plaintiff's Motion to Add Nurse Toni McGee as Defendant, (ECF No. 33). Plaintiff filed a timely objection to the R&R, (ECF No. 37).

For the reasons explained below, the Court **ADOPTS** the R&R in full and **DENIES** Plaintiff's Motion to Add Nurse Toni McGee as Defendant. The Court also **GRANTS** the Defendant's Motion for Summary Judgment.

## I.    BACKGROUND

This action arises out of Defendant Kenneth Williams's alleged failure to provide adequate medical care to Plaintiff Jamarr Reed, who was previously incarcerated at High Desert State Prison. On November 29, 2021, Plaintiff completed a medical intake process. (Medical File at 53, Ex. A to Mot. Summ. J. ("MSJ"), ECF No. 48-1). Plaintiff reported during his medical history questionnaire that he had previously been stabbed and shot, and that he had chronic right knee and lower back pain. (*Id.* at 54–55).

On January 24, 2022, Plaintiff submitted a medical kite indicating that he was told he would be given a lower bunk restriction during the intake process. (Grievance No. 200631352330 at 4, Ex. B to MSJ, ECF No. 46-1). The response to the kite stated that Plaintiff was "added to the doctor sick call list and will be notified the day of the appointment." (*Id.*). There is no indication that Plaintiff was seen by a doctor in response to that kite. (*See generally* Medical File, Ex. A to MSJ). Plaintiff then filed an informal grievance on May 10, 2023, in which he asked about the status of his request to see a doctor regarding his lower back problems and bottom bunk restriction. (Grievance No. 200631352330 at 1–2, Ex. B to MSJ). In that informal grievance, Plaintiff stated that he was told he would see a doctor but had not been seen for his back and knee pain. (*Id.*). He further stated that his back and knee hurt and that he would "appreciate some type of pain reliever." (*Id.*). The response to Plaintiff's informal grievance indicated that his classification at intake "was deemed as 1:1," that he had

"medical notes regarding [Plaintiff's] history of GWS and lower back pain," and explained that he currently did not need a lower bunk restriction. (*Id.* at 5).  It further instructed Plaintiff to "continue to submit medical requests on a medical kite DOC 2500 for any other medical requests." (*Id.*).

Plaintiff then filed a first level grievance, disagreeing with the response to his informal grievance. (*Id.* at 7–9).  He once again requested to see a doctor. (*Id.* at 9).  The response to that grievance explained the meaning of classification level 1:1 and reiterated that he did not need a lower bunk restriction. (Response to First Level Grievance, Page 18 of Resp., ECF No. 51).  It also indicated that he had already been placed on doctor's sick call which "is based on priority of medical needs." (*Id.*).

Plaintiff then filed a second level grievance on August 20, 2023, once again explaining that he had not been seen by a medical provider for this issue. (Grievance No. 200631352330 at 16, Ex. B to MSJ).  Defendant Williams responded to the second level grievance on December 6, 2023, explaining Plaintiff's classification at intake and stating that he saw "no medical notes regarding [Plaintiff's] history of gunshot wound and lower back pain." (*Id.* at 15).  He further stated that he scheduled Plaintiff "for the provider as soon as possible for [him] to discuss [his] ongoing medical concerns." (*Id.*).  Defendant marked the grievance as "Resolved." (*Id.*).  It does not appear that Plaintiff saw a provider for this purpose after this response, though he received frequent "wellness checks" beginning in March 2024 where he reportedly did not indicate any medical issues. (Medical File at 71–86, Ex. A to MSJ).

Plaintiff filed this case on February 7, 2024. (IFP Application, ECF No. 1).  The Court issued a screening order on July 31, 2024, allowing Plaintiff to proceed with his claim for Eighth Amendment deliberate indifference to serious medical needs. (Screening Order at 7:27–28:1, ECF No. 2).  Defendant now moves for summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim. (MSJ, ECF No. 46).

## II.   LEGAL STANDARD

### A. Report and Recommendation

A party may file specific written objections to the findings and recommendations of a United States Magistrate Judge made pursuant to Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); D. Nev. R. IB 3-2.  Upon the filing of such objections, the Court must make a de novo determination of those portions to which objections are made if the Magistrate Judge's findings and recommendations concern matters that may not be finally determined by a magistrate judge. D. Nev. L. R. IB 3-2(b).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1); D. Nev. L. R. IB 3-2(b).

### B.  Summary Judgment

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is a sufficient evidentiary basis on which a reasonable fact-finder could rely to find for the nonmoving party. *See id.*  "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)).  "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008).  A principal

purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (quotation marks and citation omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404,

1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.  In other words, the nonmoving party cannot avoid summary judgment by "relying solely on conclusory allegations unsupported by factual data." *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III.    DISCUSSION

### A. Report and Recommendation

Magistrate Judge Koppe recommends dismissal of the claims against the Doe Defendants because Plaintiff failed to file a motion to add Nurse Toni McGee until well after the deadline to amend or add parties expired. (R&R 2:11–17, ECF No. 35).  Plaintiff filed a timely objection in which he argues: (1) Defendants asked for a 30-day extension of the dispositive motion deadline; (2) Defendants needed additional time to identify Nurse Toni McGee; and (3) Plaintiff has had difficulty accessing the law library and locating a jailhouse lawyer or inmate assistant to help him with the filing of his motions.

First, Defendants request for a 30-day extension of the dispositive motion deadline does not bear on whether the Court should accept Plaintiff's untimely motion to add Nurse Toni McGee as a defendant.  Next, when a party seeks to amend the pleadings or add parties after

expiration of the governing deadline, courts may treat the filing as an implicit request to modify the case management schedule. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608–09 (9th Cir. 1992).  In that scenario, the movant must establish both good cause and excusable neglect. *See Branch Banking & Tr. Co. v. DMSI, LLC*, 871 F.3d 751, 764–65 (9th Cir. 2017); *see also* Local Rule 26-3.

Here, Defendant filed a notice with the identity of the nurse on January 27, 2025. (Resp. to Order, ECF No. 23).  The deadline to amend or add parties expired on February 18, 2025, about three weeks after Defendants provided the nurse's name. (Scheduling Order 1:24–27, ECF No. 17).  Plaintiff filed his motion to amend nearly three months later, right before the dispositive motion deadline. (Mot. Add Nurse Toni McGee, ECF No. 33); (Order Granting Mot. Ext. Disc., ECF No. 29).

That it took time for Defendants to identify the nurse does not justify the almost four months that lapsed between Defendant's filing of the Notice and Plaintiff's motion to add nurse Toni McGee.  While the Court recognizes the difficulties Plaintiff has had seeking help with legal filings, nothing in Plaintiff's explanation explains why he failed to move to add nurse Toni McGee for nearly four months after learning of her identity.  The Court cannot conclude that Plaintiff's objection establishes good cause for modifying the case management schedule, nor excusable neglect for his failure to file a motion before the deadline.  Accordingly, the Court accepts in full the recommendations made by the Magistrate Judge and adopts the R&R. Plaintiff's Motion for Leave to Add Nurse Toni McGee is therefore DENIED.

**B.  Summary Judgment**

Defendant moves for summary judgment on Plaintiff's Eighth Amendment claim, arguing that he is entitled to qualified immunity both because he did not violate Plaintiff's constitutional rights and because he was not on clear notice that his actions violated Plaintiff's constitutional rights.

Qualified immunity shields government officials "from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Courts "have discretion to choose which qualified immunity prong to address first" and, depending on the conclusion reached for the first-analyzed prong, "need not address the other." *Isayeva v. Sacramento Sheriff's Dep't*, 872 F.3d 938, 946 (9th Cir. 2017) (citing *Pearson v. Callahan*, 555 U.S. 223, 236 (2009)).

The Court first considers whether a constitutional violation occurred. The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quoting *Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Then he must fail to take reasonable measures to abate the substantial risk of serious harm. *Id.* at 847. A government official may only be held liable under Section 1983 when his own actions have caused a constitutional deprivation. *OSU Student All. v. Ray*, 699 F.3d 1053, 1069 (9th Cir. 2012).

To establish the objective standard, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Defendant does not assert that chronic back or knee pain cannot constitute a serious medical need. Indeed, "the existence of chronic and substantial pain" is a serious medical need. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992), *overruled in part on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc)).

Instead, he argues that Plaintiff has not shown that he had a serious medical need because the evidence shows that he has made no attempt to get treated for his back or knee pain. (MSJ 9:1–15). But a review of the record reveals that Plaintiff has sought treatment for this pain, albeit not in the form of a medical kite. (Grievance No. 200631352330 at 1, Ex. B to MSJ, ECF No. 46-1 ("I have been patiently waiting to see a doctor to address my lower back problems . . . . Could you please schedule for an appointment?")); (*Id.* at 3 ("I would like to see the doctor I was told I would see at "doctor sick call." Could you please schedule me for an appointment?"). Having raised no other argument, Defendant fails to meet his initial burden on this issue.

As for the subjective standard, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of

deliberate medical indifference").  The Ninth Circuit has held that "an inadvertent failure to provide adequate medical care, differences of opinion in medical treatment, and harmless delays in treatment are not enough to sustain an Eighth Amendment claim." *Simmons v. G. Arnett*, 47 F.4th 927, 934 (9th Cir. 2022) (citations omitted).

As Defendant correctly points out, Plaintiff has not introduced any evidence to support a claim that he suffered harm as a result of a delay in treatment.  Defendant's evidence satisfies his initial burden of negating the element of harm: Plaintiff's lack of medical kites seeking treatment for his back pain, along with the lack of mention of worsening pain or mental suffering in all of his kites and grievances, raise a question of whether Plaintiff experienced harm as a result of a delay in treatment. (*See generally* Medical Records, Ex. A to MSJ, ECF No. 48); (Grievance No. 200631352330, Ex. B to MSJ, ECF No. 46-1); (Grievance History, Ex. C to MSJ, ECF No. 46-2).  Additionally, the focus of his grievance on the lower bunk restriction, rather than on any potential worsening of his pain, further calls into question the harm that Plaintiff experienced. (Grievance No. 200631352330, Ex. B to MSJ).

Turning to Plaintiff's burden, Plaintiff alleges in his Complaint that he is in "constant pain which makes it hard to get out of bed some days," and "suffer[s] mentally because if this is not in the system I may be moved to a top bunk which would cause more pain." (Compl. at 3, ECF No. 3).  But nothing in Plaintiff's submitted evidence supports a finding that Plaintiff experienced harm as a result of the delay in treatment.  Rather, the submitted evidence undermines such a finding because Plaintiff's grievances focused largely on the lack of bottom bunk restriction, rather than the pain he was experiencing.  In all of the medical kites and grievances Plaintiff filed, he did not assert that his chronic back and knee pain was worsening due to the lack of treatment. (*See generally* Medical Records, Ex. A to MSJ, ECF No. 48); (Grievance No. 200631352330, Ex. B to MSJ, ECF No. 46-1); (Grievance History, Ex. C to MSJ, ECF No. 46-2).  Consequently, Plaintiff has failed to meet his burden of establishing a

genuine issue of material fact as to this element, and the Court thus grants summary judgment in favor of Defendant on this claim.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Seal, (ECF No. 47), is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Sur-Reply, (ECF No. 60), is **DENIED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation, (ECF No. 35), is **ACCEPTED AND ADOPTED IN FULL**.  Defendant's Motion to Add Nurse Toni McGee as a Defendant is **DENIED,** and the claims against the doe defendants are **DISMISSED without prejudice.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 46), is **GRANTED.**

The Clerk of Court is kindly directed to enter judgment for Defendant Kenneth Williams and to close this case.

**DATED** this __10__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT